IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02317-REB-KLM

BERNARD KENNETH MYERS,

      Plaintiff,

v.

THE CITY OF LOVELAND, COLORADO,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion to Request Leave of the Court to Amend Plaintiffs [sic] Complaint** [Docket No. 68; Filed May 16, 2013] (the "Motion to Amend") and **Defendant City of Loveland, Colorado's Motion to Dismiss** [#23; Filed October 5, 2012] (the "Motion to Dismiss" and, collectively with the Motion to Amend, the "Motions").   Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C.3., the Motions have been referred to this Court for a recommendation.[1]   The Court has reviewed the Motion to Amend [#68], Defendant's Response to the Motion to Amend [#70], Plaintiff's

---

[1]  A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988).  Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan 13, 2009) (unpublished decision) (citing cases).  When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purposes of resolving the present Motion to Amend, the Court will assume that the issues involved are dispositive and require a recommendation.

Reply in support of the Motion to Amend [#71], the Motion to Dismiss [#23], Plaintiff's Response to the Motion to Dismiss [#25], Defendant's Reply in further support of the Motion to Dismiss [#28], the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons stated below, the Court **RECOMMENDS** that the Motion to Amend be **DENIED** and that the Motion to Dismiss be **GRANTED**.

## I.  Statement of the Case

This case revolves around Plaintiff's belief that he was entitled to inherit property upon execution of his father's will.  In his Complaint, Plaintiff brings the following claims against Defendant City of Loveland ("City"): (1) denial of equal  rights under the law pursuant to 42 U.S.C. § 1981; (2) obstruction of justice pursuant to 42 U.S.C. § 1985(2) (later also listing §§ 1981, 1983, 1986, and 1988 as bases for the claim) which appears to be an allegation that Defendant City violated Plaintiff's Fifth and Fourteenth Amendment rights brought pursuant to 42 U.S.C. § 1983; (3) deprivation of "rights or privileges" pursuant to 42 U.S.C. § 1985(3) (also mentioning §§ 1981, 1983, 1985, and 1986 as bases for the claim) in which Plaintiff claims his "Fifth and Fourteenth Amendment right's (sic)" were violated;[2] (4) a claim of "unlawful conduct" pursuant to 42 U.S.C. § 14141 in which Plaintiff discusses Federal Rule of Evidence 404(b); (5) a claim of "outrageous conduct" which alleges that Defendant City "intended to inflict irreparable damages to the Plaintiff's reputation, good name, honor and respect with his community and peers;" (6) a claim of negligent supervision relating to Defendant City's supervision of notaries public and employees of the Larimer County District Attorney's Office; and (7) a claim of negligent

---

[2]  The Court understands this to be a claim brought pursuant to 42 U.S.C. § 1983.

2

training relating to Defendant City's training of its employees and officials.  *Compl.* [#1] at 11-17.  As a result of these allegations, Plaintiff seeks $8,816,000 in damages from Defendant City and $11,020,000 for damages allegedly caused by Defendant City's employees and officials.  *Id.* at 18.

In his proposed amended complaint (the "Proposed Amended Complaint"), Plaintiff names nine additional defendants, all of whom he alleges are employees of Defendant City, and asserts the following claims: (1) a claim of violation of Plaintiff's Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant John R. Duvall ("Duvall") and Bill Cahill ("Cahill") both of whom are named in their individual and official capacities; (2) a claim of violation of Plaintiff's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant City, Defendant Duvall, and Defendant Cahill; and (3) a state law claim of outrageous conduct against Defendant Cahill, Defendant Duvall, Defendant Deborah Lawrence, Defendant Alice Jane Garland, Defendant Elizabeth Markham, Defendant Dee Ann Beaman, and Defendant Dana D. Woodhams, each of whom are named in their individual and official capacities.  Plaintiff seeks compensatory damages, punitive damages, and nominal damages to be determined by the trier of fact.  *Proposed Am. Compl.* [#68-1] at 26.  Plaintiff also seeks attorney's fees, costs, and interest. *Id.*

## II.  Background

Plaintiff initiated this case on August 30, 2012 by filing his Complaint.  The Complaint focuses on a series of events relating to the death of Plaintiff's father and actions allegedly taken by Plaintiff's former stepmother, Ms. Myers.  *Compl.* [#1] at 2.  In short, Plaintiff alleges that after Ms. Myer's death "the combined asset's [sic] of [his] father's estate [were]

3

. . . to be released to [him] as his rightful and legal inheritance." *Id.*  Plaintiff alleges that Ms. Myers committed a series of forgeries with regards to his father's assets.  *Id.* at 3. Specifically, Plaintiff believes that Ms. Myers, with the assistance of notaries public employed by the Defendant's police department,[3] forged documents that reflect they were signed by Plaintiff's father but that Plaintiff alleges were not signed by his father.  *Id.* at 3-6 (alleging Ms. Myers "forged my father's signature to [sic] and had the forged document notorized [sic]").

Plaintiff retained counsel after finding a quitclaim deed that he alleges was one of the forged documents.  *Id.* at 4 ("Plaintiff immediately retained council [sic], Steven G. Francis . . ."); *Proposed Am. Compl.* [#68-1] at 4 (Plaintiff "signed a contract with Mr. Francis on March 10, 2008 to represent me.").  Plaintiff also contacted a variety of government agencies regarding his claims and filed complaints regarding each of the notaries public with the Colorado Secretary of State.  *Compl.* [#1] at 4-6.  Mr. Francis' representation was terminated by Plaintiff after approximately one and a half years. *Proposed Am. Compl.* [#68-1] at 7.  Plaintiff claims this was because "Mr. Francis was more interested in protecting the notarys [sic] then [sic] he was me.").  *Id.*  Beginning in July 2009, Plaintiff began looking for new legal representation, *id.* at 8, and eventually retained and fired two other attorneys, Mr. Clement of the University Law Center and Mr. Gordon of Paul Gordon and Associates.  *Id.* at 9; *Compl.* [#1] at 6.  However, "[b]oth firm's [sic] were dropped by Plaintiff due to their lack of progress and their failure to make available [sic] to the Plaintiff the rest of the document's [sic] . . .").  *Compl.* [#1] at 6.

---

[3] Before her death Ms. Myers was also an employee of Defendant's police department. *Compl. Ex. 5* [#1-1] at 7.

On February 16, 2011, Plaintiff filed a federal lawsuit against Dorwin Hummel and Plaintiff's brother and executor of his father's estate, Elden Myers, Jr. *Compl.* [#1] at 14. That action relates to the same allegations raised by Plaintiff in the present case. *See* 11-cv-00400-KMT-KLM at #1.  Plaintiff alleges that he "ultimately lost due to [his] lack of legal training." *Compl.* [#1] at 14.

### III.  Motion to Amend

The Court should grant leave to amend a complaint "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's Proposed Amended Complaint seeks to amend the Complaint: (1) to add defendants, (2) to clarify Plaintiff's claims, including correcting the legal bases for the claims, and (3) to restate the damages sought by Plaintiff. *See generally Proposed Am. Compl.* [#68-1].  Defendant City argues that the Motion to Amend should be denied because it seeks to add defendants long after the December 13, 2012 deadline for joinder of parties and amendment of pleadings, *Sched. Order* [#41] at 4, and amendment is futile. *Resp.* [#70] at 3-9.  The Court addresses each objection below.

### A.   Analysis

As an initial matter, the Scheduling Order [#41] provided that the deadline for seeking leave to amend pleadings expired on December 13, 2012. *Sched. Order* [#41] at 4.  Plaintiff filed the Motion to Amend on May 16, 2013 and, therefore, it is untimely.

Accordingly, Plaintiff must provide good cause for his failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4).  *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Fed. R. Civ. P 16(b)(4)).

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal quotations and citations omitted).  Therefore, Plaintiff must "show that [he] was diligent in attempting to meet the deadline, which means [he] must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  If Plaintiff fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether Plaintiff satisfied the requirements of Rule 15(a). *Nicastle v. Adams Cnty. Sheriff's Office,* No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[4]

In his Motion, Plaintiff does not explain why he has good cause for untimely filing the Motion.  He explanation is simply that "justice would be served in the Court allowing him

---

[4]  It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

to" amend his Complaint. *Motion* [#68] at 2.  However, the Court notes that on December 7, 2012, Plaintiff timely filed a Motion to Extend Deadline for Joinder of Parties [#55] (the "Motion to Extend") with the express intention of filing a motion seeking leave to amend his Complaint. *Motion to Extend* [#55] at 2.  On May 3, 2013, the Court denied the Motion to Extend without prejudice for failure to comply with Local Rule 6.1D [#67].  While Plaintiff failed to refile a motion seeking to extend the joinder deadline that complies with the Local Rules, the Court understands that Plaintiff's Motion to Extend coupled with the Court's May 3, 2013 Order provide some explanation for Plaintiff's untimely filing of the Motion to Amend [#68].  In addition, there is no question that the Proposed Amended Complaint complies with the purpose explained in the Motion to Extend: "[to] withdraw [ ] all of the elements and statutes that do not apply to the Defendants . . . adding additional evidence to support his claims . . ." and to add at least one additional party. *Motion to Extend* [#55] at 2-3.  Here, Plaintiff must "show that [he was] diligent in attempting to meet the [pleading amendment] deadline," and this standard can be met by the provision of "an  adequate explanation for any delay." *Minter*, 451 F3d at 1205, n.4 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does).  The Court finds that, under these circumstances, Plaintiff has provided good cause for requesting leave to amend outside the pleading amendment deadline.  *See Pumpco,* 204 F.R.D. at 668.

With good cause shown pursuant to Fed. R. Civ. P. 16(b)(4), the Court next considers any arguments raised by the parties related to whether justice would be served by amendment.  The Court should granted leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  In situations where the request falls outside of the pleading amendment deadline and good cause is shown, leave should generally be

permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182. Defendant City argues that amendment should be denied because amendment is futile. *Resp.* [#70] at 3-9. However, the Court will address the other factors in order to provide a complete analysis.

### 1. Undue Delay

The Court may deny a motion to amend based on undue delay. *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Id.* at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

When a Plaintiff provides an adequate explanation for the delay, leave to amend should not be denied on this basis. *Id.* The Court credits Plaintiff's attempt to amend prior to the December 13, 2012 deadline for joinder of parties and amendment of pleadings, *Sched. Order* [#41] at 4. The Court notes that in response to Defendant's Motion to Dismiss [#23; Filed October 5, 2012] and entry of the Scheduling Order [#41; Entered October 29, 2012], Plaintiff filed his initial motion to amend his complaint [#47], which was

8

denied without prejudice for failure to comply with the Federal Rules of Civil Procedure, on November 5, 2012–less than one week after the Scheduling Conference.  Thereafter, on December 7, 2012, Plaintiff filed the Motion to Extend [#55], which, as mentioned above, was denied without prejudice for failure to comply with Local Rule 6.1D.  The Court further notes that Defendant City does not raise any argument regarding undue delay.  Under these circumstances, the Court finds that Plaintiff did not unduly delay.

### 2.    Undue Prejudice

"Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted."  *Minter*, 451 F.3d at 1207.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Id.* (citations omitted).

In this case, Defendant does not raise any argument that it will be unduly prejudiced if Plaintiff is permitted to amend the Complaint.  Moreover, the parties have not initiated discovery and discovery has been stayed pending a decision regarding Defendant's Motion to Dismiss.  *See Order* [#46].  Further, the Proposed Amended Complaint clarifies the issues and claims, bringing the initial seven claims down to three and deleting references to statutes that do not apply to this matter.  Therefore, the Court finds that Plaintiff's amendment of the Complaint will not cause Defendant undue prejudice.  *See Martinez v. City and Cnty. of Denver*, No. 11-cv-00102-MSK-KLM, 2012 WL 4097298, at *3 (D. Colo. Sept. 18, 2012).

9

### 3.    Futility of Amendment

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . ., a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citations omitted)).  An amendment is futile if it would not survive a motion to dismiss.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint."  *Id.*

In this case, Defendant City argues that there are four grounds upon which Plaintiff's Proposed Amended Complaint could be subject to dismissal: (1) the claims are time barred; (2) joinder of additional defendants after the deadline for such joinder, without leave of the Court is not allowed; (3) Plaintiff's state law claim of outrageous conduct is barred by Plaintiff's failure to provide written notice of his claim; and (4) a public entity cannot be liable for outrageous conduct.  *Resp.* [#70] at 3-4.  "Here, [the Court's] sole function is to

determine whether Plaintiff has provided a plausible basis for liability, accepting his version of the facts and potential evidence as true." *Francis v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 10-cv-02105-REB-KLM, 2010 WL 5094224, at *2 (D. Colo. Dec. 8, 2010); *see also Foman*, 371 U.S. at 182 (noting liberal philosophy in letting plaintiff test his proposed legal theories as long as they are not facially deficient).  Even accepting all of Plaintiff's allegations as true, Plaintiff's claims fail as a matter of law.

### a.      Statute of Limitations for 42 U.S.C. § 1983 Claims

### i.      Plaintiff's First and Second Causes of Action Are Barred By the Statute of Limitations

Defendant argues that Plaintiff's Section 1983 claims are barred by the applicable statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994).  In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a Section 1983 claim).  However, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).  Federal law provides that "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969.  That is, "[a] civil rights

action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich*, 627 F.2d at 1041 n.4.

Here, Defendant argues that the two-year statute of limitations accrued well before August 30, 2010, two-years prior to the filing of the Complaint. *Motion to Dismiss* [#23] at 7.[5] In support of this argument, Defendant states that the notarizations that Plaintiff claims are fraudulent are dated January 16, 2002 and January 15, 2002. *Id.* Further, "Exhibits 15 and 16 to the Complaint demonstrate that during March 2008, Plaintiff had a lawyer investigating the notarization of the Quitclaim Deed [and] Plaintiff filed notary complaint forms with the Colorado Secretary of State, respectively verified by Plaintiff on January 7 and April 7, 2009, Exhibits 17, 25 and 31 to Complaint." *Id.*

In his Response, Plaintiff argues that "[u]nder Colorado law there is no statute [sic] time limit for the crime of forgery, which, in itself, constituted the depravation of Plaintiff's

---

[5]  In addition to summarizing this argument in its Response to the Motion to Amend, Defendant's Motion to Dismiss was incorporated into its Response to the Motion to Amend by reference. *Motion to Amend Resp.* [#70] at 5. For clarification, citations to statements contained solely in the Motion to Dismiss or explained more fully in the Motion to Dismiss are included in this Recommendation.

civil and constitutional right's [sic] . . ."  *Reply* [#71] at 2.[6]  However, as is evident from

Plaintiff's Proposed Amended Complaint, two of his claims are clearly brought pursuant to

42 U.S.C. § 1983 and, as discussed above, the two-year statute of limitations applies to all

such claims.  Reading the Complaint and Proposed Amended Complaint liberally, the Court

finds that Plaintiff's 42 U.S.C. § 1983 claims accrued no later than March 10, 2008–the date

he retained Mr. Francis–and they may have accrued even earlier.  *Proposed Am. Compl.*

[#68-1] at 4 (Plaintiff "signed a contract with Mr. Francis on March 10, 2008 to represent

[him].").  There can be no doubt that when he retained an attorney to represent him on

March 10, 2008 Plaintiff "kn[ew] or ha[d] reason to know of the existence and cause of the

injury which is the basis of his action."  *Indus. Constructors Corp.*, 15 F.3d at 969; *see also*

*Mercer-Smith v. New Mexico Children, Youth and Families Dept.*, 416 F. App'x 704, 710-11

(10th Cir. March 21, 2011) (unpublished decision) (holding that plaintiffs' allegations make

clear that they were on notice that their constitutional rights may have been violated and

that their Section 1983 claims were time barred).  However, the Complaint was not filed

until August 30, 2012.  *See generally Compl.* [#1].  Accordingly, Plaintiff's Section 1983

claims fail as a matter of law and allowing amendment would be futile.

### ii.    Plaintiff is Not Entitled to Equitable Tolling

While Plaintiff does not argue that he is entitled to equitable tolling of the statute of

limitations, the Court will briefly address this issue which is raised by Defendant in its

---

[6] Plaintiff fails to address the statute of limitations in his response to Defendant's Motion to Dismiss.

Response to Plaintiff's Motion to Amend and raised by Plaintiff in an earlier pleading.[7] Prior to filing this case as a *pro se* plaintiff, Plaintiff retained and/or corresponded with a series of attorneys. *Compl.* [#1] at 4 (mentioning retention of Steven G, Francis), 6 ("Plaintiff . . . retained two other law firm's [sic], Ryan G. Clement of the University Law Center, LLC and Paul Gordon and Associates"), Ex. 45a [#1-2] at 23 (correspondence with attorney Ryan G. Clement); *Proposed Am. Compl.* [#68-1] at 4-7 (discussing correspondence with attorney Steve Francis who was later "[d]ropped as [Plaintiff's] attorney"), 8 (noting that "from around July 2009 up to the second week of December 2009, [Plaintiff] emailed or called a couple dozen lawfirms [sic] . . . to no avail"), 8 (discussing retention of Ryan G. Clement of the University Law Center, LLC), 10 (stating that on April 22, 2010 Plaintiff contacted Paul Gordon and Associates who took his case), 12 (stating that in September 2010 Mr. Gordon told Plaintiff that there were no "deadlines coming up soon"), 12 (alleging that on October 15, 2010 Mr. Gordon told Plaintiff that he did not have any basis for a claim).

"The issue of tolling is governed by state law." *Frazier v. Jordan*, No. 06-1333, 2007 WL 60883, at *3 (10th Cir. Jan. 10, 2007) (citation omitted); *see Wallace v. Kato*, 549 U.S. 384, 398 (2007) (denying tolling of statute of limitations in Section 1983 case). In Colorado the general tolling statutes, C.R.S. §§ 13-80-118 and 13-81-103, do not contemplate tolling

---

[7] In his Motion to Amend his Response to the Motion to Dismiss [#26], which was granted by the Court [#67], Plaintiff argues that "the statute of limitations is [sic] not passed due to the fact that Plaintiff had attempted to obtain all of the documents from the records office . . . only to be told no further records existed . . ." *Motion to Amend Resp.* [#26] at 1-2. Plaintiff further argues that he "was not aware of the action until Jan[uary] of 2011 [because] [a]ffirmative misconduct on the part of [Defendant] and Larimer County lulled [ ] Plaintiff into inaction during the years proceeding the discovery of the rest of the documentation." *Id.* at 2.

in this circumstance.  Similarly, the courts have found that "[e]quitable tolling of a statute

of limitations is limited to situations in which either the defendant has wrongfully impeded

the plaintiff's ability to bring the claims or truly extraordinary circumstances prevents the

plaintiff from filing his or her claim despite diligent efforts." *Deutsche Bank Trust Co. Ams.*

*v. Samora*, --- P.3d ---, 2013 WL 2338183 (Colo. App. May 23, 2013); *Frazier*, 2007 WL

60883, at *3 (citation omitted).

As noted above, in his Response [#26], Plaintiff argues that he "was not aware of

the action until Jan[uary] of 2011 [because] [a]ffirmative misconduct on the part of

[Defendant] and Larimer County lulled [ ] Plaintiff into inaction during the years proceeding

[sic] the discovery of the rest of the documentation." *Motion to Amend Resp.* [#26]  at 2.

However, the facts as alleged by Plaintiff make clear that Plaintiff retained counsel as early

as March 10, 2008 to investigate and advise him regarding the facts and claims at issue

in the instant litigation.  *Proposed Am. Compl.* [#68-1] at 4.  That clearly shows that Plaintiff

was not "lulled into inaction" as he alleges and, as a result, the doctrine of equitable tolling

does not apply here.  *See Mercer-Smith*, 416 F. App'x at 714 (finding that "in the absence

of an assertion that the defendants fraudulently concealed information from the [plaintiffs],

equitable tolling does not apply" to Section 1983 claims); *see also Szkutak v. Bennett*, No.

05-cv-00979-WYD-MJW, 2077 WL 840899, at *5 (D. Colo. March 16, 2007) (holding that

equitable tolling did not apply because "plaintiff has not alleged or shown that there was

any wrongdoing by the defendant deputy sheriffs in this case").   In addition, "under

Colorado law, courts rarely apply the doctrine [of equitable tolling]." *Fogle v. Slack*, No. 05-

CV-1211-KHV, 2010 WL 2757374, at *1 (D. Colo. July 13, 2010).

Further, even if the Court construes Plaintiff's allegations in the Proposed Amended

Complaint that his attorneys did not perform as he expected as an argument that extraordinary circumstances exist which require equitable tolling, such argument fails. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (holding that prisoner was not entitled to equitable tolling due to conduct of state-appointed lawyer which resulted in missed deadline); *Omar-Muhamman v. Williams*, 17 F. App'x. 898, at *2 (10th Cir. Aug. 24, 2001) (unpublished decision) (holding that reliance on counsel "does not constitute extraordinary circumstances sufficient to justify equitable tolling" of the statute of limitations); *Palmer v. City of Harrisburg*, PA, Civil No. 1:CV-06-1973, 2007 WL 3342792, at *4 (M.D. Pa. Nov. 8, 2007) (finding that plaintiff's constitutional claims were barred by the statute of limitations and stating that "even if Plaintiff was represented by counsel, his alleged reliance on counsel does not toll the statute of limitations.  A client voluntarily chooses counsel and cannot avoid the consequences of his counsel's acts or omissions."). Therefore, the Court **recommends** that Plaintiff's Motion to Amend [#68] be **denied** as it relates to these claims.

Because the Court finds that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations, the Court will not address Defendant's remaining arguments regarding futility with regard to these claims.

### b.   Plaintiff's State Law Claim of Outrageous Conduct

Plaintiff's third claim of outrageous conduct (also known as intentional infliction of emotional distress) sounds in state law. *See Proposed Am. Compl.* [#68-1] at 24-26.  To state a claim for outrageous conduct under Colorado law, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct, (2) the defendant did so recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) the conduct did

indeed cause the plaintiff severe emotional distress.  *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1068-69 (D. Colo. 2009) (citing *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006)).  For a defendant's conduct to be outrageous, it must be "so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *McCrary v. Aurora Pub. Sch.*, 57 F. App'x 362, 374 (10th Cir. 2003) (quoting *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)).  Moreover, "[c]onduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he [or she] has actual or apparent authority over the other, or the power to affect the other's interests."  *Pearson v. Kancilia*, 70 P.3d 594, 598 (Colo. App. 2003) (citation omitted).  Whether the alleged conduct is sufficiently outrageous is, at least initially, a question of law for the court.  *Green*, 155 P.3d at 385.  Defendant argues that this claim: (1) is barred by Plaintiff's failure to comply with the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*, and (2) is time barred and, therefore, amendment would be futile.  *Motion to Supp.* [#52] at 2-3; *Resp.* [#70] at 7-8; *Reply to Motion to Dismiss* [#28] at 4-5.

Pursuant to the CGIA, "any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements set forth therein."  *Patrick v. Bank of New York Mellon*, No. 11-cv-01304-REB-MJW, 2012 WL 934288, at *9 (D. Colo. Mar. 1, 2012).  The notice provision requires that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought

17

under the provisions of this article, and failure of compliance shall forever bar any such action.

C.R.S. § 24-10-109(1).   Failure to provide the required written notice "operates as a jurisdictional bar to the lawsuit."  *Aspen Orthopaedics & Sports Medicine, LLC, v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003).  Moreover, "a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal." *Id.* at 840.  "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions." *Id.*

Here, Plaintiff fails to allege compliance with the CGIA in his Complaint or his Proposed Amended Complaint.  *See Proposed Am. Compl.* [#68-1] at 3 ("Notice of intent to sue was given by telephone to Defendant City of Loveland through John R. Duvall . . .").  Nor does Plaintiff argue in any of his pleadings that he has complied with the CGIA.  Rather, Plaintiff argues that "intent is unnecessary when criminal activity is suspected and Plaintiff does suspect several incident's [sic] of criminal activity related to his case." *Id.* at 3.  Plaintiff presents no authority to support his contention that the CGIA notice provision does not apply to his claim, and the Court is aware of no such authority.  Thus, given Plaintiff's failure to plead compliance with the CGIA, the Court finds that Plaintiff's intentional infliction of emotional distress claim is jurisdictionally barred.  *See Glaser v. City and Cnty. of Denver, Colo.*, No. 12-cv-00828-RBJ-KLM, 2013 WL 1397303, at *17-18 (D. Colo. Feb. 28, 2013).

Defendant also argues that Plaintiff's outrageous conduct claim is time barred by the applicable statute of limitations.  *Reply* [#28] at 4.  Pursuant to C.R.S. § 13-80-102, a claim

18

of outrageous conduct "shall be commenced within two years after the cause of action accrues." C.R.S. § 13-80-102(1)(a). An outrageous conduct claim accrues "on the date the 'claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury caused by the wrongful conduct of another.'" *Colburn v. Kopit*, 59 P.3d 295, 296-97 (Colo. App. 2002) (quoting *Jones v. Cox*, 828 P.2d 218, 223-24 (Colo. 1992)). "The plaintiff need only know or have reason to know the facts that underlie or are essential to the cause of action, but need not know the precise legal theory upon which the action may be brought." *Id.* at 297 (citing *Morris v. Geer*, 720 P.2d 994 (Colo. App. 1986)). Here, as discussed above, Plaintiff knew of Defendant's employee's allegedly outrageous conduct no later than March 10, 2008–the date he retained Mr. Francis–and this claim may have accrued even earlier. *Proposed Am. Compl.* [#68-1] at 4 (Plaintiff "signed a contract with Mr. Francis on March 10, 2008 to represent [him]."). However, Plaintiff did not file the Complaint until August 30, 2012. *See generally Compl.* [#1]. As a result, Plaintiff's outrageous conduct claim is time barred. Therefore, the Court **recommends** that Plaintiff's Motion to Amend [#68] be **denied** as it relates to this claim.

## IV. Motion to Dismiss

In his Complaint, Plaintiff brings the following claims against Defendant City: (1) denial of equal rights under the law pursuant to 42 U.S.C. § 1981; (2) obstruction of justice pursuant to 42 U.S.C. § 1985(2) (later also listing §§ 1981, 1983, 1986, and 1988 as bases for the claim) which appears to be an allegation that Defendant City violated Plaintiff's Fifth and Fourteenth Amendment rights brought pursuant to 42 U.S.C. § 1983; (3) deprivation

of "rights or privileges" pursuant to 42 U.S.C. § 1985(3) (also mentioning §§ 1981, 1983, 1985, and 1986 as bases for the claim) in which Plaintiff claims his "Fifth and Fourteenth Amendment right's (sic)" were violated;[8] (4) a claim of "unlawful conduct" pursuant to 42 U.S.C. § 14141 in which Plaintiff discusses Federal Rule of Evidence 404(b); (5) a claim of "outrageous conduct" which alleges that Defendant City "intended to inflict irreparable damages to the Plaintiff's reputation, good name, honor and respect with his community and peers;" (6) a claim of negligent supervision relating to Defendant City's supervision of notaries public and employees of the Larimer County District Attorney's Office; and (7) a claim of negligent training relating to Defendant City's training of its employees and officials. *Compl.* [#1] at 11-17.   As a result of these allegations, Plaintiff seeks $8,816,000 in damages from Defendant City and $11,020,000 for damages allegedly caused by Defendant City's employees and officials.   *Id.* at 18.   As discussed below, Defendant's Motion to Dismiss [#23] should be granted.

## A.   Causes of Action Addressed Above

The second and third claims, while inartfully pled, are properly treated as claims brought pursuant to 42 U.S.C. § 1983.[9]  As discussed above, such claims are barred by the statute of limitations.  *See* III.A.3.a., *supra*.  Plaintiff's fifth claim of outrageous conduct is jurisdictionally barred for failure to comply with the CGIA and time barred.  *See* III.A.3.b., *supra*.

---

[8]  The Court will treat this as a claim brought pursuant to 42 U.S.C. § 1983.

[9]  This is evidenced both from the allegations themselves and Plaintiff's Proposed Amended Complaint which clarifies Plaintiff's imponderous and meandering claims.

**B.      Plaintiff's Remaining Claims**

Plaintiff's remaining claims should also be dismissed.  Plaintiff's fourth claim which

mentions Federal Rule of Evidence 404(b)(2), fails to state a claim on its face.  *See Compl.*

[#1] at 15.  This claim also mentions 42 U.S.C. § 14141(a) which provides:

> It shall be unlawful for any governmental authority, or any agent thereof, or
> any person acting on behalf of a governmental authority, to engage in a
> pattern or practice of conduct by law enforcement officers or by officials or
> employees of any governmental agency with responsibility for the
> administration of juvenile justice or the incarceration of juveniles that
> deprives persons of rights, privileges, or immunities secured or protected by
> the Constitution of laws of the United States.

42 U.S.C. § 14141(a).  Section 14141(b) allows the Attorney General to bring a civil action

in the event of a violation of Section 14141(a).   This statute does not relate to the

allegations in the Complaint in any way.  Plaintiff also mentions 18 U.S.C. §§ 241-242 in

his Complaint.  *See Compl.* [#1] at 12. However, these are criminal statutes which do not

provide for a private cause of action.  *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir.

2003); *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987).  Because Plaintiff cannot

plausibly bring a claim pursuant to any of these statutes or rules, the Court will disregard

Plaintiff's mention of these statutes and rules.

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1981 alleging that he was denied

equal rights under the law.  *Compl.* [#1] at 11.  Defendant argues both that Plaintiff fails to

state a claim pursuant to Rule 12(b)(6) and that this claim is time barred by the applicable

statute of limitations.  *Motion to Dismiss* [#23] at 7-8.  In order to establish a *prima facie*

case of discrimination for Plaintiff's claim brought pursuant to 42 U.S.C. § 1981, Plaintiff

either must provide direct evidence of discrimination or the Court must apply the burden-

shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Crowe v.*

*ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (the standards for a claim asserted pursuant to 42 U.S.C. § 1981 are the same as for a Title VII claim).   Under the burden-shifting framework of *McDonnell Douglas*, "the plaintiff must first establish a prima facie case of discrimination or retaliation."   *Crowe*, 649 F.3d at 1195.   Plaintiff fails to meet either standard.   In fact, Plaintiff does not allege he is a member of a protected class and he does not allege that anyone treated him differently due to his race.   In addition, damages sought for a Section 1981 claim are limited by the same two-year statute of limitations applicable to Plaintiff's Section 1983 claims.   *Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006) ("The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C.§ 1981 and § 1983.") (citations omitted).   As discussed above, Plaintiff's claims accrued more than two years prior to his initiation of this matter.   Therefore, Plaintiff's claim brought pursuant to 42 U.S.C. § 1981 is time barred.

Plaintiff's fifth and sixth claims are negligence claims sounding in state law. Defendant argues that these claims are similarly time barred by the applicable statute of limitations.   *Reply* [#28] at 4.   Pursuant to C.R.S. § 13-80-102, all negligence claims "shall be commenced within two years after the cause of action accrues."   C.R.S. § 13-80-102(1). "A negligence claim does not accrue until the plaintiff discovers or reasonably should have discovered the negligent act and at least some resulting damages."   *Colo. Pool. Sys., Inc. v. Scottsdale Ins. Co.*, --- P.3d ---, 2012 WL 5265981, at *9 (Colo. App. Oct. 25, 2012) (citing *Smith v. Mehaffy*, 30 P.3d 727, 732 (Colo. App. 2000)).   "The plaintiff need only know or have reason to know the facts that underlie or are essential to the cause of action, but need not know the precise legal theory upon which the action may be brought."

*Colburn*, 59 P.3d at 297 (citing *Morris v. Geer*, 720 P.2d 994 (Colo. App. 1986)).  Here, as discussed above, Plaintiff knew of Defendant's employee's allegedly negligent conduct no later than March 10, 2008–the date he retained Mr. Francis–and his negligence claims may have accrued even earlier.  *Proposed Am. Compl.* [#68-1] at 4 (Plaintiff "signed a contract with Mr. Francis on March 10, 2008 to represent [him].").  However, Plaintiff did not file the Complaint until August 30, 2012.  *See generally Compl.* [#1].  Therefore, Plaintiff's negligence claims are time barred.  Accordingly, the Court **recommends** that Defendant's Motion to Dismiss [#23] be **granted**.

## V.  Conclusion

As noted above, the Proposed Amended Complaint is deficient in its present form. The claims are time barred by the applicable statutes of limitations and the third claim is also subject to dismissal on jurisdictional grounds.  These pleading failures cannot be remedied through amendment.  Further, Plaintiff's Complaint contains claims that are either time barred or deficient on the face of the document.

## VI.  Recommendation

For the reasons given above, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Amend [#68] be **DENIED**.

IT IS FURTHER **RECOMMENDED** that the Motion to Dismiss [#23] be **GRANTED** and that Plaintiff's case be **DISMISSED with prejudice**.[10]

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

---

[10] *See Mercer-Smith*, 416 F. App'x at 709-13 (affirming dismissal with prejudice of Section 1983 claims and state law claim which were barred by the statute of limitations); *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred by statute of limitations).

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 10, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge